UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ELIAS BAQUERO, as the Personal
Representative of the Estate of
Freya A. Baquero, as Assignee of South
Florida Urgent Care Center, Inc.

            *Plaintiff*,

v.

LANCET INDEMNITY RISK RETENTION
GROUP, INC., and LEXINGTON INSURANCE
COMPANY,

            *Defendants*.
_____/

## COMPLAINT

Elias Baquero, as the Personal Representative of the Estate of Freya A. Baquero and as assignee of South Florida Urgent Care Center, Inc. ("Baquero"), sues Lancet Indemnity Risk Retention Group, Inc. and Lexington Insurance Company, as follows:

### Nature of Action, Jurisdiction and Venue

1. This is an action seeking damages resulting from Lancet and Lexington's breach of insurance policies issued to South Florida Urgent Care Center and Frank A. Don, D.O.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1332 because the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue is proper in this judicial district as the acts giving rise to this action occurred in Miami-Dade County, Florida. Lancet and Lexington both delivered the insurance policies at issue in Miami-Dade County, Florida. In addition, the underlying acts of medical negligence, as well as the underlying lawsuit, occurred in Miami-Dade County, Florida.

## The Parties

4. At all material times, Baquero resided in Miami-Dade County, Florida and was a citizen of and domiciled in the State of Florida, and is otherwise *sui juris*.

5. Lancet is a Nevada corporation with its principal place of business in Las Vegas, Nevada. Lancet is licensed to conduct business in Florida and actively conducts the business of issuing insurance policies in Florida.

6. Lexington is a Delaware corporation with its principal place of business in Boston, Massachusetts. Lexington is licensed to conduct business in Florida and actively conducts the business of issuing insurance policies in Florida.

## General Allegations

7. Factual Background: On or around October 4, 2009, Freya A. Baquero arrived at South Florida Urgent Care Center, f/k/a Ritecare Medical Center, with complaints of respiratory distress and fever, and was evaluated and treated by Frank A. Don, D.O.

8. Dr. Don, at all material times, was acting within the course and scope of his employment with South Florida Urgent Care Center.

9. Dr. Don failed to properly diagnose and treat Freya A. Baquero for her medical condition.

10. Freya A. Baquero was admitted to Kendall Regional Medical Center on October 11, 2009, suffering from severe pneumonia, septic shock and complete respiratory shutdown.

11. Freya A. Baquero died from these conditions on October 12, 2009.

12. The Underlying Lawsuit: Baquero, as the personal representative of the Estate of Freya A. Baquero, filed a lawsuit in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2010-31583-CA-21, against South Florida Urgent Care Center and Dr. Don,

alleging that Freya A. Baquero was not provided medical treatment within the prevailing standard of care and that as a direct and proximate result Freya A. Baquero died.

13. Baquero sought damages provided for by the Florida Wrongful Death Act, including compensatory damages, costs, interest, attorney's fees, loss of prospective net accumulations, funeral expenses, medical expenses, mental pain and suffering sustained in the past and the future, loss of companionship, and loss of support and services.

14. <u>The Lancet Policy:</u> South Florida Urgent Care Center was insured at all relevant times by Lancet.

15. Lancet provided insurance coverage to South Florida Urgent Care Center under a Professional Liability Claims Made Policy, bearing Policy No. LI090907000301, with effective dates of December 21, 2009 through December 21, 2010. This Policy has a retroactive date of December 21, 2007 for South Florida Urgent Care Centers. A copy of the Lancet Policy is attached hereto as Exhibit A.

16. The Policy insured employed and contract physicians of South Florida Urgent Care Centers and listed Dr. Don as a named insured.

17. South Florida Urgent Care Center provided Lancet with proper notice of Baquero's claims resulting from the failure to properly diagnose and treat Freya A. Baquero and otherwise complied with all insurance policy conditions.

18. Lancet had the opportunity to resolve Baquero's claims, but instead improperly denied coverage.

19. <u>The Lexington Policy:</u> South Florida Urgent Care Center was insured at all relevant times by Lexington.

20. Lexington provided insurance coverage to South Florida Urgent Care Center under a Healthcare Professional Liability Claims Made Policy, bearing Policy No. 6794954 with effective dates of November 11, 2008 through November 11, 2009. This Policy has a retroactive date of November 11, 2005. A copy of the Lexington Policy is attached hereto as Exhibit B.

21. The Lexington Policy included a 60-day automatic extended reporting period, starting at the end of the policy period. Any claim first made during the automatic extended reporting period is deemed to have been made the last day of the policy period.

22. South Florida Urgent Care Center provided Lexington with proper notice of Baquero's claims resulting from the failure to properly diagnose and treat Freya A. Baquero and otherwise complied with all insurance policy conditions.

23. Lexington had the opportunity to resolve Baquero's claims, but instead improperly denied coverage.

24. <u>The Settlement and Assignment Agreement:</u> On or about September 7, 2012, after Lancet and Lexington denied coverage to South Florida Urgent Care Center for the Underlying Lawsuit, Baquero entered into a Settlement and Assignment Agreement with Dr. Don and South Florida Urgent Care Center.

25. Pursuant to the terms of the Agreement, South Florida Urgent Care Center and Dr. Don assigned to Baquero, as Personal Representative of the Estate of Freya A. Baquero, all right, title, and interest in any claim or cause of action South Florida Urgent Care Center may have against Lancet or its agents or insurers, or Lexington or its agents or insurers, pursuant to the relevant insurance policies, Florida's common law, and/or §624.155 of the Florida Statutes, arising out of Lancet and Lexington's denial of coverage for the Underlying Lawsuit.

Baquero v. Lancet, et al.

26.    Baquero has engaged the undersigned counsel to represent him in this action, and has agreed to pay a reasonable fee for services rendered.

27.    All conditions precedent to bringing this action have been performed, waived, or have otherwise occurred.

### Count I- Breach of Contract: Lancet

28.    Plaintiff realleges the facts set out in Paragraphs 1 through 27 as if fully set forth herein.

29.    Contract: The Policy issued by Lancet constitutes an enforceable contract under the laws of the State of Florida. The Policy was valid and in effect on the date the claim occurred and was reported.

30.    The Policy obligates Lancet to perform certain duties, including the duty to defend and indemnify South Florida Urgent Care Center and Dr. Don in the Underlying Lawsuit, because the Underlying Lawsuit is a covered claim for which no Policy exclusion applies.

31.    Breach: South Florida Urgent Care Center provided Lancet with proper notice of Baquero's claims resulting from the failure to properly diagnose and treat Freya A. Baquero and otherwise complied with all Policy conditions. Lancet breached its duties under the terms of the Policy by denying coverage and refusing to pay those sums that the insured becomes legally obligated to pay as damages for "bodily injury" to which the Policy applies.

32.    Lancet also breached its duties under the terms of the Policy by refusing to defend South Florida Urgent Care Center and Dr. Don against "any [c]laim covered by the Policy."

33.    Damages: As a result of Lancet's breach of its duties under the Policy as described above, Baquero has suffered and continues to suffer damages.

WHEREFORE, Elias Baquero, as the Personal Representative of the Estate of Freya A. Baquero and as assignee of South Florida Urgent Care Center, Inc. and Dr. Don, demands judgment against Lancet Indemnity Risk Retention Group, Inc. for damages, including but not limited to, the amount of the Settlement and Assignment Agreement for Two Million Five-Hundred Dollars ($2,500,000.00), pre- and post-judgment interest thereon, attorney's fees and costs incurred in this action pursuant to Fla. Stat. §627.428, and any further relief this Court deems equitable, just, and proper.

### Count II- Breach of Contract: Lexington

34. Plaintiff realleges the facts set out in Paragraphs 1 through 27 as if fully set forth herein.

35. Contract: The Policy issued to South Florida Urgent Care Center by Lexington constitutes an enforceable contract under the laws of the State of Florida and was valid and in effect on the date the claim occurred and was reported. The Policy also included a 60-day automatic extended reporting period.

36. The Policy obligates Lexington to perform certain duties, including the duty to defend and indemnify South Florida Urgent Care Center and Dr. Don in the Underlying Lawsuit, because the Underlying Lawsuit is a covered claim for which no Policy exclusion applies.

37. Breach: South Florida Urgent Care Center provided Lexington with proper notice of Baquero's claims resulting from the failure to properly diagnose and treat Freya A. Baquero and otherwise complied with all Policy conditions. Lexington breached its duties under the terms of the Policy by denying coverage and refusing to pay those sums that the insured becomes legally obligated to pay as damages resulting from a "medical incident" and/or "bodily injury" arising out of "professional services" provided by any insured, to which the Policy applies.

38.     Lexington also breached its duties under the terms of the Policy by refusing to defend South Florida Urgent Care Center and Dr. Don against "a claim for a medical incident, bodily injury…" covered by the Policy.

39.     <u>Damages:</u> As a result of Lexington's breach of its duties under the Policy as described above, Baquero has suffered and continues to suffer damages.

WHEREFORE, Elias Baquero, as the Personal Representative of the Estate of Freya A. Baquero and as assignee of South Florida Urgent Care Center, Inc. and Dr. Don, demands judgment against Lexington Insurance Company for damages, including but not limited to, the amount of the Settlement and Assignment Agreement for Two Million Five-Hundred Dollars ($2,500,000.00), pre- and post-judgment interest thereon, attorney's fees and costs incurred in this action pursuant to Fla. Stat. §627.428, and any further relief this Court deems equitable, just, and proper.

## TRIAL BY JURY

Plaintiff hereby requests trial by jury of all issues so triable.

Dated this 15th day of November, 2012.

Respectfully submitted,

VER PLOEG & LUMPKIN, P.A.
100 S.E. 2nd Street, 30th Floor
Miami, FL 33131
(305) 577-3996
(305) 577 3558 *facsimile*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**
Florida Bar No. 0079170
smarino@vpl-law.com
**Danya J. Pincavage**
Fla. Bar No. 0014616
dpincavage@vpl-law.com
*Counsel for Plaintiff*