UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-24105-CIV-MORENO

ELIAS BAQUERO,

    Plaintiff,

vs.

LANCET INDEMINTY RISK RETENTION GROUP, INC.,

    Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS

THIS CAUSE came before the Court upon Defendant Lancet Indemnity Risk Retention Group Inc.'s Motion for Attorney's Fees and Non-Taxable Costs **(D.E. No. 140)**, filed on **February 6, 2015**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED in part as set forth below.

Defendant Lancet Indemnity Risk Retention Group, Inc. made two offers of judgment to the Plaintiff pursuant to Florida Statute 768.79, which is applicable as substantive law for *Erie* purposes. *See Jones v. United Space Alliance, LLC*, 494 F.3d 1306, 1309 (11th Cir. 2007). Defendant is now seeking to recover $202,825.25 in attorney's fees and $6,270.87 in nontaxable costs.

The first offer of judgment that Lancet made was on June 17, 2013 for $1,501 and the second was on April 22, 2014 for $80,100. Plaintiff rejected both offers as unreasonable given that he as

the personal representative of his wife's estate was seeking to recover $2,500,000 on a *Coblentz* agreement he reached with South Florida Urgent Care Center. The policy limit on Lancet's policy was $100,000.

The jury in this case found Defendant was not liable at trial and the Plaintiff did not recover any monies from Lancet under the *Coblentz* agreement. The offer of judgment system set forth in Florida Statute § 768.79 provides that if a defendant, like Lancet, makes an offer of judgment that the plaintiff does not accept within 30 days, and if the plaintiff then recovers nothing or an amount at least 25% less than the offer, the defendant is entitled to an award of the attorney's fees and costs incurred after the offer was made. The offer of judgment statute does, however, contain a provision allowing the Court to disallow an award when the court determines, in its discretion, that an offer was not made in good faith. § 768.79(7)(a), Fla. Stat.[1]

In this case, the first offer of judgment of $1,501 was nominal and given that this case survived summary judgment and the closeness of questions of fact, the Court exercises its discretion to find that the first offer of judgment was not a good faith offer. There is no question, however, in the Court's view that the second offer of judgment of $80,100 was made in good faith and is

---

[1]Subsection 7(b) of the offer of judgment statute provides that when determining the reasonableness of an attorney's fees award, the court can evaluate six criteria:

1. the then apparent merit or lack of merit in the claim
2. the number and nature of offers made
3. the closeness of questions of fact and law at issue
4. whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of the offer
5. whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties
6. the amount of additional delay cost and expense the offeror would be expected to incur if the litigation is prolonged.

reasonable given the procedural posture of the case. The Court therefore finds the second offer of judgment was valid.

Plaintiff argues that even if the Court finds the offer of judgment was made in good faith, the releases attached to the offer of judgment ambiguously included Lancet's agents. Plaintiff claims the language would necessarily include Steven Demby. Plaintiff claims the estate has a separate claim for negligence against Steven Demby for his role in completing the insurance application. The parties dispute whether Demby, the insurance broker, was Lancet's agent. Mr. Demby clarified at trial that he was an agent of the insured and Dr. Joukar testified that Mr. Demby was his broker. The Court does not find there is an ambiguity in the releases attached to the Defendant's offer of judgment that would void the effect of the offer of judgment under Florida law.

Finally, Plaintiff argues for a 40% reduction in attorney's fees across the board. The Court disagrees such a reduction is warranted and finds the rates of Defendant's counsel at $325 and $235 reasonable for a 13-year and 7-year lawyer. The Court does, however, limit the time frame and awards fees incurred only after April 22, 2014 – the date of the second offer of judgment. The Court grants Defendant leave to file a summary of the attorneys' fees that would be consistent with this order by no later than **April 10, 2015**.

Pursuant to Local Rule 7.3, Defendant also seeks costs that are non-taxable under 28 U.S.C. § 1920. Defendant requests the Court exercise its discretion under Florida Statute § 768.79 to award non-taxable costs and find those costs reasonable. In reviewing Defendant's request, the Court notes that it already awarded Defendant $2,863.51 in costs on February 19, 2015 pursuant to 28 U.S.C. § 1920.

The Florida Supreme Court has provided guidelines for the taxation of costs in civil actions,

which this Court finds instructive in deciding the reasonableness of the costs request under Florida Statute § 768.79. Section I allows parties to recover costs of transcripts from court hearings. Section II of the guidelines allows the Court to tax reasonable travel costs for witnesses. Section III(d) and (e) of the guidelines exclude an attorney's travel time and travel costs.

In this case, Defendant is seeking to recover non-taxable costs from as early as August 27, 2013. Having found that Defendant may only recover fees from the April 22, 2014 offer of judgment date, the Court likewise limits the time frame to recover nontaxable costs to those incurred after April 22, 2014. The Court excludes the requests for costs associated with travel for Defendant's counsel as provided by sections III(d) and (e). The Court does not find the cost for the private car service to transport the witness Tammy Pupo from Key West to Miami is reasonable under section II of the guidelines. The Court therefore disallows the expense for the car service even though the cost of witness travel is generally compensable. The Court also finds it unreasonable to award Defendant any of the costs associated with the October trial date, which was continued at the behest of the Defendant. The Court will, however, award transcript costs pursuant to section I(E) of the Florida Supreme Court guidelines for court hearings on June 24, 2014, September 3, 2014, September 10, 2014, and September 17, 2014, totaling $508.26.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of March, 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record